United States Bankruptcy Court
DISTRICT OF MASSACHUSETTS – EASTERN DIVISION

|  |  |
|---|---|
| In Re: TIMOTHY P. O'CALLAGHAN,<br><br>　　Debtor<br><br>LAURA O'ROURKE,<br><br>　　Plaintiff<br><br>　vs.<br><br>TIMOTHY P. O'CALLAGHAN,<br><br>　　Defendant | Chapter 7<br>Case No. 13-15658<br><br><br>Adversary Proceeding no. _____ |

**COMPLAINT TO DENY DISCHARGE AND
ESTABLISH NONDISCHARGEABILITY OF DEBT**

The plaintiff Laura O'Rourke files this complaint seeking the denial of the defendant Timothy P. O'Callaghan's ("defendant") discharge pursuant to 11 U.S.C. § 727 and to establish the nondischargeability of the defendant's debt to her under 11 U.S.C. § 523(a)(6).

## Jurisdiction

1. The court has jurisdiction pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Parties

3. The defendant an debtor Timothy P. O'Callaghan is an individual who is believed to reside at 35 West St., Quincy, MA 02169.

4. The plaintiff Laura O'Rourke is an individual residing in Norfolk County, Quincy, Massachusetts.

## Facts

5. Laura O'Rourke is the holder of a state court judgment and execution against the defendant in an amount exceeding $395,485. Exhibit 1: Execution.

6. The defendant filed a voluntary chapter 7 petition on September 25, 2013.

7. The chapter 7 trustee of the debtor's estate is John Aquino, Esq. ("trustee") of Anderson Aquino LLP, 240 Lewis Wharf, Boston, MA 02110.

8. The debtor has not received a discharge in this case.

9. Ms. O'Rourke previously filed a motions for an extension of time to object to the defendant's discharge and/or establish the nondischargeability of her claim pursuant to 11 U.S.C. § 523. The court granted extensions until January 21 2014.

10. The debtor's 341 meeting commenced on October 31, 2013. At the meeting, after questioning by counsel for Laura O'Rourke and by the trustee, it became clear that a significant amount of financial information on the debtor's bankruptcy schedules was false and/or incomplete. As a result, the trustee requested that the defendant provide documentation of his financial information in his petition and schedules. The 341 meeting was continued generally.

## Count I – Denial of Discharge pursuant to 11 U.S.C. § 727(a)(3), (4), (5)

11. The plaintiff realleges and incorporates all preceding paragraphs.

### False oath – 11 U.S.C. § 727(a)(4)(A)

12. In submitting his bankruptcy petition and schedules to the bankruptcy court in connection with his chapter 7 case, the defendant knowingly and fraudulently made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A).

13. Specifically, the defendant knowingly submitted false information concerning his

assets, income, liabilities, and expenses. For example, the debtor in his petition and at the 341 meeting stated that he resided with his mother at 11 Hallet St., Dorchester, MA 02124. In his petition and schedules, the defendant knowingly and falsely stated under oath that he paid his mother $400 per month in rent, as indicated on the defendant's Schedule J. In fact, the defendant admitted at his 341 meeting that he did not regularly pay his mother $400 per month in rent, and that in the last year he had perhaps paid his mother for rent only one or two times.

14. As another example, the defendant knowingly and falsely stated on his schedule J of household expenses that he paid $300 per month for utilities at his mother's residence, when, as he admitted at his 341 meeting, he did not in fact pay any such utilities.

### Withholding financial documents from officer of the estate – 11 U.S.C. § 727(a)(4)(D)

15. As a result of the information elicited at the defendant's 341 meeting, the 341 meeting was continued generally to a date to be determined. The trustee requested that the debtor provide documentation to support his income, expenses, and other assets and liabilities, before scheduling a date the continued 341 meeting.

16. Even after the request for financial information by the trustee, defendant to date has failed to provide the trustee of the estate with any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs. Such failure violates 11 U.S.C. § 727(a)(4)(D), and is grounds for denial of discharge to the defendant.

### Failure to satisfactorily explain the loss of assets – 11 U.S.C. § 727(a)(5)

17. At the defendant's 341 meeting, the defendant admitted that in July 2003 he submitted a personal financial statement to a financial institution. A copy of the financial statement is attached hereto as Exhibit 2. Exhibit 2 indicates that as of July 1, 2003, the

defendant had a net worth of $11,460,500, including $100,000 in cash, real estate valued in excess of $15 million, and $1 million in interests in business enterprises such as liquor stores and a bar and function hall. The defendant also stated at the 341 meeting that over the years he had owned interests in 100 or more real estate properties.

18. When questioned about how his financial situation deteriorated from having a net worth in excess of $11 million in 2003 to a negative net worth of several hundred thousand dollars as indicated on his bankruptcy petition, the defendant failed to give any satisfactory explanation. The defendant was evasive, vague, and disingenuous in his answers. For example, the defendant offered as an explanation that the defendant's business partner was to blame for his financial distress, but without any details which the plaintiff could corroborate, and without any supporting documentation. Upon questioning by the trustee as to what happened to the liquor licenses in his liquor businesses indicated on his personal financial statement (Exhibit 2), the defendant failed to provide any satisfactory explanation.

19. The defendant's failure to explain the decline of his net worth from more than $11 million in 2003 to the present is reason to deny a discharge under 11 U.S.C. § 727(a)(5).

## Concealment or failure to maintain financial records – 11 USC § 727(a)(3)

20. The defendant at his 341 meeting admitted that at one time as recently as July 2003 (and perhaps even more recently), he had a net worth of more than $11 million, with ownership interests in a number of liquor businesses, and having owned more than 100 real estate properties over the years.

21. Yet, despite his having had such extensive business experience and assets, the defendant indicated at his 341 meeting that he enters into all his transactions purely on a cash basis, and had nothing to document his income and expenses.

4

22. The plaintiff has reason to believe based on these facts under all the circumstances that the debtor has without justification concealed, destroyed, falsified, or failed to keep her preserve financial books, documents, records, and papers from which the defendant's financial condition or business transactions might be ascertained. Such actions and omissions are grounds for denial of the defendant's discharge.

### Count II – Nondischargeability of Debt pursuant to 11 USC § 523(a)(6)

23. The plaintiff incorporates and realleges all preceding paragraphs.

24. In 2003, the plaintiff and defendant entered into an oral contract whereby the plaintiff hired the defendant to perform extensive renovation and construction on the plaintiff's home at 54 Spring St., Quincy, MA ("the contract"). The total contract price was $200,000.

25. On November 1, 2003, the plaintiff moved out of her home. The plaintiff paid the defendant a deposit of approximately $110,000 to the defendant to perform the construction.

26. In about December 2003, the defendant abandoned the plaintiff's home, without doing any substantial work under the contract other than gutting parts of the building's interior.

27. The defendant stole the plaintiff's triple-paned NewPro brand windows in her home, and replaced them with cheap builder's stock windows.

28. Instead of completing the contract work, the defendant abandoned the contract in December 2003, and left the plaintiff's home a gutted and dilapidated shell of a building.

29. In 2009, the plaintiff filed a civil action against the defendant in Norfolk Superior Court, civil action no. 09-01415 for damages arising out of the parties construction contract. The plaintiff obtained a default judgment in the amount of $345,000 against the defendant.

30. The defendant's stealing of the plaintiff's windows and abandoning of the contract to renovate her home, by leaving the home a gutted shell exposed to the elements

5

constitutes willful and malicious injury to the property of the plaintiff. The defendant's stealing of the windows and abandoning of the contract was intentional, and done with knowledge that such conduct would cause injury to the plaintiff's property.

31.     As a result of the defendant's malicious and willful injury to her home, the plaintiff has since 2003 been unable to live in her home, nor has she been able to afford the cost to rebuild her home. As accurately depicted in the attached photos of her home taken in 2013, ever since the defendant abandoned his contract to renovate the home, the plaintiff's home has been an uninhabitable, dilapidated shell of a building. Exhibit 3.

32.     The plaintiff's claim is nondischargeable debt under 11 USC § 523(a)(6).

## Prayer for Relief

WHEREFORE, Laura O'Rourke requests that the court DENY the defendant a bankruptcy discharge pursuant to 11 U.S.C. § 727 and/or establish that her claim as a nondischargeable debt of the defendant, and grant all relief that is equitable and just.

LAURA O'ROURKE
By her Attorney(s),

Date: January 21, 2014

*Zaheer A. Samee*
Zaheer A. Samee, Esq. BBO #667751
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141
Tel: 617-494-0200
zas@frisolilaw.com

6

United States Bankruptcy Court

DISTRICT OF MASSACHUSETTS – EASTERN DIVISION

|  |  |
|---|---|
| In Re: TIMOTHY P. O'CALLAGHAN, <br><br> Debtor | Chapter 7 <br> Case No. 13-15658 |

## CERTIFICATE OF SERVICE

I certify that on <u>January 21, 2014</u>, I served the attached

**ADVERSARY COMPLAINT**

by sending a copy to:

*Chapter 7 trustee*
John Aquino, Esq.
jja@andersonaquino.com
**BY ECF**

*Attorney for Debtor*
Robert J. Powers Jr., Esq.
powerslaw@verizon.net
**BY ECF**

*United States Trustee*
John Fitzgerald
ustpregion01.bo.ecf@usdoj.gov
**BY ECF**

/s/ Zaheer A. Samee
Zaheer A. Samee

# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS
NORFOLK ,ss.

To the Sheriffs of our several Counties, or their Deputies
9-1415                      GREETINGS:

WHEREAS   LAURA O'ROURKE
By the consideration of our JUSTICES OF OUR SUPERIOR COURT holden at Dedham within and for the County of Norfolk, aforesaid, on the 3rd day of November, 2010 recovered judgment against TIMOTHY P. O'CALLAGHAN
In an action of Complaint

| | |
|---|---:|
| damages | 395,485.00 |
| cost | 316.05 |
| Int | 6,195.79 |
| | 401,996.84 |

for the sum of three hundred ninety five thousand four hundred eighty five dollars damages, costs in the sum of three hundred sixteen dollars and five cents, interest to date of execution in the sum of six thousand one hundred ninety five dollars and seventy nine cents, as to us appears of record, wherefore execution remains to be done  WE COMMAND you therefore that of the goods, chattels or lands of the said Judgment debtor within your precinct, you cause to be paid and satisfied unto the said Judgment Creditor at the value thereof in money, the aforesaid sums being four hundred one thousand nine hundred ninety six dollars and eighty four cents in the whole, with interest thereon from the date of this execution and thereof also to satisfy yourself for your own fees aforesaid the full sum above mentioned, with your fees,  or be discharged by said Judgment creditor, or otherwise by order of law.
Hereof fail not, and make return of this writ with your doings thereon into the Clerk's office of our said COURT, at Dedham within our County of Norfolk within twenty years after the date of the said judgment.
WITNESS, Barbara J. Rouse, Esquire at Dedham the 20th day of December, in the year of our Lord two thousand and ten

William F. Maloney, P.C.
25 Foster Street
Quincy, MA 02169

Assistant Clerk

# Exhibit 2

# Personal Financial Statement

## Timothy P. O'Callaghan
## 54 Minot Street
## Dorchester, MA 02122

July 1, 2003

**ASSETS**

| | |
|---|---|
| Cash in Banks | $ 100,000.00 |
| Marketable Securities | 25,000.00 |
| Non-marketable Securities | 0.00 |
| Real Estate Interest per attached | $ 15,585,000.00 |
| Loans Receivable * | 750,000.00 |
| Automobiles | 125,000.00 |
| Cash value Life Insurance | 15,000.00 |

Other assets;
    Sole proprietor of liquor
    Store located in Dorchester
        David's Liquors dba
        ADAMS LIQUORS
        3 Neponset Avenue             $   500,000.00

    One-half interest in one liquor store
        Dorchester Discount dba
        McGUIRE'S LIQUORS
        1281 Dorchester Avenue
            Estimated Value      $   250,000.00

    One-half interest in bar and function hall
    Located in Dorchester
        Ryan's Veterans Post Inc. dba
        Dorchester Function Hall
        1221 Dorchester Avenue
            Estimated value      $   250,000.00

**TOTAL ASSETS**                           $ 17,600,000.00

## LIABILITIES

| | | |
|---|---|---:|
| Notes payable to banks Secured | $ | 52,000.00 |
| Notes payable to Banks Unsecured | $ | 5,000.00 |
| Credit Cards | $ | 0.00 |
| Unpaid Income Taxes | $ | 0.00 |
| Real Estate Mortgages | $ | 6,082,500.00 |
| **TOTAL LIABILITIES** | $ | 6,139,500.00 |
| **NET WORTH** | $ | 11,460,,500.00 |

* Neponset Village LLC to Security Services Inc, T.O'Callaghan, Principal - $ 750,000 @ 6%

## INCOME

| | | |
|---|---|---:|
| Salary, Bonuses & Commissions | $ | 117,605.00 |
| Dividends | $ | 457.00 |
| Savings Interest | $ | 1,000.00 |
| Net Income | $ | 119,062.00 * |

Does not include all income from the real estate or from the interest in the two liquor stores, bar and function hall.

# Exhibit 3






